IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David A. Hagen,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>Warden FCI Williamsburg,<br><br>　　　　　　　Respondent. | C/A No.: 4:17-2567-JFA<br><br><br>**ORDER** |

## I.　　INTRODUCTION

David A. Hagen, ("Hagen" or "Petitioner"), proceeding *pro se*, is an inmate incarcerated at a Federal Correctional Institution. Hagen filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

1

case without prejudice. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on October 12, 2017. (ECF No. 12). Petitioner filed his objections to the Report ("Objections") on October 25, 2017. (ECF No. 17). Thus, this matter is ripe for review.

II. **DISCUSSION**

Hagen attempts to make several objections to the Report, most of which are repetitions of Hagen's assertions in his original Petition. Although vague, two of

---

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

2

Petitioner's assertions could be construed as definite enough to constitute an objection. However, each of these objections is without merit.

A.     HAGEN'S 2241 PETITION DOES NOT SATISFY THE REQUIREMENTS OF 2255(E).

The crux of Hagen's argument is that, in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), his conviction for money laundering "cannot stand and is illegal, nunc pro tunc." (ECF No. 1 p. 10). As a threshold matter, the Report states that Petition should have been filed pursuant to 28 U.S.C. § 2255 instead of 28 U.S.C. § 2241. (ECF No. 12 p. 2). However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena, v. U.S.*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief*, unless it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

"[I] is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). "It is only when '§2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Id.* (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . .

3

an individual is procedurally barred from filing a § 2255 motion." *Id.* (quoting *Vial*, 115 F.3d at 1194 n.5) (internal quotations omitted).

The Fourth Circuit Court of Appeals provides the circumstances in which a § 2241 petition may be used to pursue habeas relief. *See In re Jones*, 226 F.3d at 328 (4th Cir. 2000). In *Jones,* the court held that "§ 2255 may be inadequate or ineffective in certain circumstances," and that, "under these limited circumstances, § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly," in these circumstances, "the prisoner may file a habeas petition under § 2241." *Jones*, 226 F.3d at 333. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. The court formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress." *Id.* at 333 n.3.

Petitioner claims that the "except clause" in 28 U.S.C. § 2244(a) "permits this Court to allow [him] to pass through the 2255(e) portal for consideration of the merits." (ECF No. 17 p. 3). Section 2244(a) provides the following:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States

4

on a prior application for a writ of habeas corpus, *except as provided in section 2255*.

28 U.S.C. § 2244(a) (emphasis added). Petitioner seems to claim that Section 2244(a) exempts him from the requirements of the savings clause in Section 2255(e). *See* (ECF No. 17 p. 3). The language of 2244(a), however, states that Section 2255 governs those situations where a district judge may "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States" and where "the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." *Id.* Thus, Section 2255(e) does, in fact, govern Hagen's Petition, and *In re Jones* provides the requirements which Hagen must satisfy for his Petition to be entertained. *See Jones*, 226 F.3d at 333–34.

In his Petition, Hagen relies heavily on *United States v. Santos*, 553 U.S. 507 (2008) and asserts that his "money laundering convictions . . . must be vacated." (ECF No. 1 p. 10). The Report addresses this argument. (ECF No. 12 p. 2). As the Report states, the *Santos* opinion was issued before Hagen was sentenced and before he filed his § 2255, and Hagen argued *Santos* in the sentencing court. (ECF No. 12 p. 2). Hagen clearly fails to demonstrate that, "subsequent to [his] direct appeal and first § 2255 motion, the substantive law changed such that the conduct for which [he] was convicted [has been] deemed not to be criminal." *Jones*, 226 F.3d at 333–34. To the contrary, Hagen argued the

5

*Santos* merger issue in his original § 2255 motion. *See Hagen v. United States*, Nos. 3:13-cv-394-WEB, 3:08-cr-93-WEB-2, 2014 WL 3895062, at *7 (W.D.N.C. Aug. 8, 2014). Therefore, Hagen's argument is without merit.

B.     THE STANDARD OF REVIEW DOES NOT AFFECT HAGEN'S SITUATION.

Next, Hagen claims that the district court applied the incorrect standard of review when it ruled on his § 2255. (ECF No. 17 p. 4–5). Specifically, Hagen claims that the court should have applied an "actual innocence" or a complete miscarriage of justice" standard of review instead of "ineffective assistance of counsel." *Id.* However, in addressing Hagen's *Santos* claim, the court began its analysis with the following: "Drawing on *Santos*, [Hagen] appears to contend that because the evidence at trial shows that all of the proceeds from the two fraud-related conspiracies were used to pay expenses to further those conspiracies, *he cannot be guilty of the money laundering conspiracy in addition to the other conspiracies.*" *Hagen*, 2014 WL 3895062, at *7 (emphasis added).

Thereafter, in the same analysis, the court states that "a *Santos* merger problem does not arise" in Hagen's case. *Id.* The court concluded that "[w]ith no merger problem, [Hagen] was not prejudiced by counsel's failure to raise *any argument* or assert a defense to Count Three based on *Santos*." *Id.* at *8 (emphasis added). The court clearly concluded that Hagen's *Santos* merger argument had no merit. Therefore, Hagen's argument that the court applied an incorrect standard of review is without merit.

6

## III.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No. 12) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 12). Hagen's Petition is thus dismissed with prejudice.[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 9, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] Respondent is not required to file a return.

7